IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| TIMOTHY J. PAGLIARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-337 (JCC/JFA) |
| | ) | |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

In this case, Plaintiff Timothy J. Pagliara seeks to
enforce his shareholder right to inspect and copy records of
Defendant Federal Home Loan Mortgage Corporation, pursuant to
the Virginia Stock Corporation Act, Va. Code Ann § 13.1-771.
(Compl. [Dkt. 1] ¶ 134(a).)  This matter is before the Court on
Defendant's motion to stay, pending the Judicial Panel on
Multidistrict Litigation's transfer decision.  [Dkt. 10.]  For
the following reasons, the Court will grant the stay.

The Federal Housing Finance Agency moves, in the
alternative, to be substituted as plaintiff.  [Dkt. 10.]
Because the Court will grant the motion to stay, it will deny
without prejudice the motion to substitute plaintiffs.

1

I.            **Background**

Plaintiff Timothy J. Pagliara ("Pagliara") is a junior preferred stockholder of the Federal Home Loan Mortgage Corporation, commonly known as "Freddie Mac." (Compl. [Dkt. 1-1] ¶¶ 3, 9.) Freddie Mac is a publicly traded corporation, which has elected to follow Virginia's corporate governance practices and procedures. (Compl. ¶¶ 25-30.) Since September 2008, however, Freddie Mac has operated under the conservatorship of the Federal Housing Finance Agency ("FHFA"), appointed pursuant to the Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C. § 4501, *et seq.* (Compl. ¶ 55.) As conservator, FHFA succeeds to many of the rights and powers of Freddie Mac's stockholders. (Compl. ¶¶ 58-62 (quoting 12 U.S.C. § 4617(b)(2).)

Pagliara contends that he maintains his stockholder right to inspect Freddie Mac's corporate records. (Compl. ¶¶ 3, 34-36.) In January 2016, he filed a demand on Freddie Mac to inspect records relating to the Senior Preferred Stock Purchase Agreement ("Agreement") between Freddie Mac and the United States Department of the Treasury. (Compl. ¶¶ 37-42.) Specifically, Pagliara sought to investigate conduct by Freddie Mac, its board of directors, FHFA, and Treasury regarding the August 2012 "Third Amendment" to the Agreement. (Compl. ¶¶ 43,

2

122-125.)   The Third Amendment requires Freddie Mac to transfer all of its positive net worth to Treasury after every quarter. (Compl. ¶¶ 92-114.)   Fannie Mae—the Federal National Mortgage Association—is subject to the same arrangement.   (Compl. ¶ 93.)

FHFA, acting as conservator of Freddie Mac, rejected Pagliara's inspection demand on January 28, 2016.   (Compl. ¶ 127.)   FHFA justified its denial by declaring that Pagliara does not have a proper purpose to inspect because Freddie Mac's fiduciary duties flow directly to the conservator, rather than to the stockholders.   (Compl. ¶¶ 120, 127.)

Pagliara then filed suit in Fairfax County Circuit Court seeking an order to permit inspection of Freddie Mac's corporate records pursuant to Virginia Code § 13.1-773.[1]   (Compl. ¶¶ 129-134.)   On March 25, 2016, Freddie Mac removed the complaint to this Court.   Four days later, Freddie Mac notified the Court of a motion pending before the Judicial Panel on Multidistrict Litigation ("Panel") to transfer several lawsuits relating to the Third Amendment to a multidistrict litigation

---

[1]      This section of the Virginia Stock Corporation Act states as follows: "If a corporation does not allow a shareholder who complies with subsection A of § 13.1-771 to inspect and copy any records required by that subsection to be available for inspection, the circuit court in the city or county where its registered office is located, may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the shareholder."   Va. Code Ann. § 13.1-773(A).

for consolidated pretrial proceedings.  FHFA notified the Panel
of Pagliara's complaint and requested transfer to the pending
multidistrict litigation proceeding.  Accordingly, Freddie Mac
moved this Court to stay pending the Panel's transfer decision.
In the alternative, FHFA seeks to be substituted as plaintiff in
this case.

Pagliara filed a substantively identical lawsuit in
Delaware seeking to inspect Fannie Mae's records related to the
Third Amendment.  The United States District Court for the
District of Delaware stayed that case pending the Panel's
transfer decision.  *See* Minute Order, *Pagliara v. FNMA*, No.
1:16-cv-0193 (D. Del. Apr. 4, 2016).

In addition to the Delaware action and this lawsuit,
there are five other cases pending in federal district courts
regarding the Third Amendment.  Each of those cases has been
stayed awaiting the Panel's transfer decision.  *See* Order,
*Saxton v. FHFA*, No. 1:15-cv-0047 (N.D. Iowa Apr. 4, 2016), ECF
No. 79; Order, *Jacobs v. FHFA*, No. 1:15-cv-708 (D. Del. Mar. 30,
2016), ECF No. 44; Order, *Edwards v. Deloitte & Touche*, *LLP*, No.
1:16-cv-21221 (S.D. Fla. Apr. 13, 2016), ECF No. 12; Order,
*Edwards v. PricewaterhouseCoopers, LLP*, No. 1:16-cv-21224 (S.D.
Fla. Apr. 21, 2016); ECF No. 11; Minute Order, *Robinson v. FHFA*,
No. 7:15-cv-0109 (E.D. Ky. Apr. 21, 2016), ECF No. 45; Minute

4

Order, *Roberts v. FHFA*, No. 1:16-cv-02107 (N.D. Ill. Apr. 8, 2016), ECF No. 34.

For the reasons described below, this Court will similarly stay this case pending the Panel's decision.

## II.         Standard of Review

"A pending transfer motion before the MDL panel does not deprive the district court in which the action is then pending of jurisdiction over pretrial matters." *Litchfield Co., LLC v. BP, P.L.C.*, No. 2:10-cv-1462, 2010 WL 2802498, at *1 (D.S.C. July 14, 2010); Judicial Panel on Multidistrict Litigation, Rule 2.1(d), 28 U.S.C. foll. § 1407.  Nevertheless, it is well established that this Court possesses the inherent power to stay proceedings and to "promote economy of time and effort for itself, for counsel and for litigants." *Robinson v. DePuy Ortho., Inc.*, No. 3:12-cv-0003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

"The decision of whether or not to stay a case pending in district court lies within the sound discretion of the court to control its docket, absent a statute removing that discretion." *Fisher v. United States*, No. 3:13-mc-08, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013) (quoting *Linear Prods. v. Marotech, Inc.*, 189 F. Supp. 2d. 461, 463 (W.D. Va. 2002)).

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

In considering a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Specifically, a district court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Fisher*, 2013 WL 6074076, at *4 (quoting *Johnson v. DePuy Ortho.*, No. 3:12-cv-2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012)). Additionally, "[c]ourts frequently grant stays in cases when an MDL decision is pending." *Brandt v. BP, P.L.C.*, No. 2:10-cv-1460, 2010 WL 2802495, at *2 (D.S.C. July 14, 2010) (collecting cases); *Virginia* ex rel. *Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14cv706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015) (collecting cases).

### III.          Analysis

Freddie Mac supports its motion to stay with the following arguments: (1) MDL resolution would prevent duplicative pretrial proceedings regarding the discoverability of Freddie Mac's documents by shareholders; (2) denying the stay

6

could cause conflicting judgments; and (3) this case was only recently filed and is based on conduct that occurred in 2012, meaning no prejudice would result from a stay.

Pagliara rebuts that a stay is not warranted for the following reasons: (1) this case shares only legal questions, not factual issues, with the other cases challenging the Third Amendment; (2) there is little discovery required to determine whether Pagliara can inspect corporate records; and (3) a stay would unnecessarily delay a case that the Court could, and under state law should, resolve expediently.

The Court finds that, based on a weighing of the three relevant factors, a brief stay is warranted pending the Panel's transfer decision.

A.      Judicial Economy

It is well recognized that staying an action pending an MDL Panel decision can serve the interests of judicial economy by avoiding "the needless duplication of work and the possibility of inconsistent rulings." *Robinson*, 2012 WL 831650, at *2 (collecting cases).  That is true in this case because the issue of whether Pagliara made his demand in good faith and for a proper purpose remains subject to dispute and could overlap with discovery issues involved in the six other cases challenging the Third Amendment.  *See* Va. Code § 13.1-771(D)(1)-

(4).  But, reduced discovery weighs only slightly in favor of a stay because of the limited nature of Pagliara's lawsuit—a corporate document inspection request.

The potential to prevent inconsistent rulings, however, is a present concern.  Pretrial proceedings in an MDL will certainly address the scope of discoverable material related to the Third Amendment, the same documents Pagliara seeks to investigate with this present action.  It would be imprudent for this Court to make a ruling regarding Pagliara's right to inspect those records when a direct route to consistent rulings on that issue is so near at hand.  Furthermore, denying the stay would needlessly create the potential for inconsistent rulings with the United States District Court for the District of Delaware, which recently stayed Pagliara's similar complaint seeking documents from Fannie Mae.  Thus, this factor weighs in favor of staying the case.

B.      <u>Hardship to the Moving Party if the Action is Not Stayed</u>

Freddie Mac faces the potential hardship of duplicative and inconsistent discovery obligations if the Court denies this stay.  As described above, the inspection of documents that Pagliara seeks and the sufficiently of his stated purpose for inspection overlaps with the discovery issues that are likely to develop in the six other pending cases related to

the Third Amendment.  Thus, the risk of inefficient use of the

parties' time and resources weighs in favor of granting the

stay.  *See Hawley v. Johnson & Johnson*, No. 3:11-cv-195, 2011 WL

7946243, at *1 (E.D. Va. Apr. 29, 2011) ("[A] temporary stay

would serve judicial economy, promote the efficient resolution

of this case, and avoid the possibility of conflicting judicial

determinations.")

C.      Hardship to the Nonmoving Party if the Action is
        Stayed

        Any hardship to Pagliara in this case is

inconsequential.  According to Pagliara, the Panel will hear

FHFA's motion to create an MDL on May 26, 2016, which is only

twenty-two days away.  (Pl.'s Mem. in Opp'n [Dkt. 21] at 13.)

If the Panel creates an MDL, it would hear the motion to

transfer this particular case on July 28, 2016.  (*Id.*)  That

delay is not inconsequential, but the likelihood of prejudice is

slight.  The Court received Pagliara's complaint on March 25,

2016, and has not yet heard any motions to dismiss or entered a

discovery order, which minimizes the prejudice from a stay.  *See*

*Am. Tech. Servs., Inc. v. Universal Travel Plan, Inc.*, No. 1:04-

cv-802 (JCC), 2005 WL 2218437, at *3 (E.D. Va. Aug. 8, 2005)

("Because this case is still in the very early stages of

litigation, there is little prejudice to either side if the

Court stays the case . . . .").  Furthermore, although corporate

record demands should be resolved expediently, the subject of Pagliara's document request relates to conduct from 2012.  Thus, the Court finds little prejudice would result from a delay of between three weeks and a few months.

In summary, the Court finds clear and convincing circumstances for staying this case pending a ruling by the Judicial Panel on Multidistrict Litigation regarding transferring this case to a multidistrict litigation.

### IV.              Conclusion

For the foregoing reasons, the Court will grant Defendant Federal Home Loan Mortgage Corporation's motion to stay.  [Dkt. 10.]  The Court will deny without prejudice, the Federal Housing Finance Authority's alternative motion to be substituted as plaintiff.

An appropriate order will issue.

/s/

May 4, 2016                     James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE